FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WHISPER C., | No. 1:24-CV-03137-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ECF Nos. 8, 13 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 8, 13. Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney Ryan Ta Lu represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

# JURISDICTION

On April 15, 2013, Plaintiff was found disabled as of March 7, 2013 (age 10). Tr. 65-72. However, on July 7, 2016, the Commissioner conducted a continuing disability review and determined that then 13-year-old Plaintiff was no longer disabled and therefore no longer eligible for Supplemental Security Income. Tr. 73, 75-78. A request for reconsideration of this determination was denied. Tr. 107-108. Administrative Law Judge (ALJ) C. Howard Prinsloo held a hearing on June 4, 2020, and issued an unfavorable decision on June 24, 2020. The Appeals Council denied Plaintiff's request for review; however, on March 17, 2023, the undersigned magistrate judge remanded the case for additional proceedings. *See* 1:21-CV-03028-ACE (ECF No. 26). The matter was remanded, a new administrative hearing was held, and ALJ Prinsloo issued another unfavorable decision on July 2, 2024. Tr. 591-609. Plaintiff filed the instant action for judicial review on September 4, 2024. ECF No. 1.

# STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.

*Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

A child is "disabled" for the purposes of receiving Supplemental Security Income benefits if the child has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Act requires the Commissioner to review a disabled child's continued eligibility for benefits at least once every three years. *See* 42 U.S.C. § 1382c(a)(3)(H)(ii)(I). The Commissioner has established a three-step medical improvement sequential evaluation process for determining whether a child continues to be disabled within the meaning of the Act. 20 C.F.R. § 416.994a(b).

At step one, the inquiry is whether there has been medical improvement in the impairments that were present at the time of the most recent favorable determination or decision finding the child disabled (the most recent favorable determination is called the "comparison point decision" or "CPD," and the impairments that were present at the CPD are called the "CPD impairments"). 20 C.F.R. § 416.994a(b)(1); SSR 05-03p. Medical improvement is any decrease in medical severity, except for minor changes. 20 C.F.R. § 416.994a(c). It must be based on changes in the symptoms, signs, or laboratory findings associated with the impairments. 20 C.F.R. § 416.994a(c). If there has been no medical

improvement, the child is still disabled, unless one of the exceptions to medical improvement applies. 20 C.F.R. § 416.994a(b)(1). If there has been medical improvement, the inquiry proceeds to step two.

At step two, the inquiry is whether the CPD impairments still meet or medically or functionally equal the severity of the Listed impairments that they met or equaled at the time of the CPD. *See* 20 C.F.R. § 416.994a(b)(2); SSR 05-03p. The question at step two is whether the child's CPD impairments still functionally equal the Listings. *See* 20 C.F.R. § 416.994a(b)(2); SSR 05-03p. If the impairments still functionally equal the Listings, the child is still disabled, unless one of the exceptions to medical improvement applies. 20 C.F.R. § 416.994a(b)(2). If they do not, the inquiry proceeds to step three. 20 C.F.R. § 416.994a(b)(2).

At step three, the inquiry is whether the child is currently disabled considering all current impairments, including those the child did not have at the time of the CPD and those that the Commissioner did not consider at that time. 20 C.F.R. § 416.994a(b)(3). This first involves determining whether the child's new or unconsidered impairments are "severe" – meaning more than slight abnormalities that cause no more than minimal functional limitations. 20 C.F.R. § 416.994a(b)(3)(i); 20 C.F.R. § 416.924(c). If the impairments are not severe, the child's disability has ended. 20 C.F.R. § 416.994a(b)(3)(i). If they are severe, the question is whether they meet or medically equal the Listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *See* 20 C.F.R. § 416.994a(b)(3)(ii). If they do, the child's disability continues. 20 C.F.R. § 416.994a(b)(3)(ii). If not, the question is whether they functionally equal the Listings. 20 C.F.R. § 416.994a(b)(3)(iii). If they do, the child's disability continues. 20 C.F.R. § 416.994a(b)(3)(iii). If not, the child's disability has ended. 20 C.F.R. § 416.994a(b)(3)(iii).

///

///

Determining whether a child's impairments functionally equal the Listings requires an assessment of the child's limitations in six broad areas of functioning, called "domains." 20 C.F.R. § 416.926a(b)(1). The six domains are: (1) "Acquiring and Using Information," (2) "Attending and Completing Tasks," (3) "Interacting and Relating with Others," (4) "Moving About and Manipulating Objects," (5) "Caring for Yourself," and (6) "Health and Physical Well-being." 20 C.F.R. § 416.926a(b)(1)(i-vi). In making this assessment, the factfinder must compare how appropriately, effectively, and independently the impaired child performs activities compared to the performance of other children of the same age who do not have impairments. 20 C.F.R. § 416.926a(b).

The child's impairment or combination of impairments will be found to functionally equal the Listings if the child has "marked" limitations in at least two of the domains or if the child has "extreme" limitations in any one of the six domains. 20 C.F.R. § 416.926a(d).

## ADMINISTRATIVE FINDINGS

The ALJ determined that Plaintiff had medically improved and was no longer under a disability as of July 7, 2016. Tr. 592, 609.

With respect to Plaintiff's condition at the time of the CPD, the ALJ made the following findings:

The CPD was April 15, 2013. Tr. 595. At that time, Plaintiff had the following medically determinable impairments: attention deficit hyperactive disorder (ADHD) and mood disorder. *Id*. These impairments were found to meet the Listings. Tr. 595.

With respect to the three-step medical improvement review standard, the ALJ made the following findings:

Step one: the ALJ found there had been a decrease in medical severity of the impairments that were present at the time of the CPD (citing 20 C.F.R. § 416.994a(c)). Tr. 595.

1    Step two:  the ALJ found Plaintiff's CPD impairments no longer
2  functionally equaled the severity of the Listed impairments (citing 20 C.F.R. §
3  416.994a(b)(2); 20 C.F.R. § 416.926a; SSR 05-03p).  Tr. 596.
4    Step three:  the ALJ found Plaintiff has the following severe impairments:
5  posttraumatic stress disorder (PTSD) and depression.  Tr. 596.  The ALJ found
6  Plaintiff's impairments neither meet/medically equals one of the Listed
7  impairments nor functionally equal the Listings.  Tr. 596-597 (citing 20 C.F.R. §
8  416.925; 20 C.F.R. § 416.926; 20 C.F.R. § 416.924(d); 20 C.F.R. § 416.926a).
9  Specifically, the ALJ found Plaintiff has "less than marked" limitations in the
10 domains of (1) acquiring and using information, (2) attending and completing
11 tasks, (3) interacting and relating with others, and (5) caring for yourself and "no
12 limitation" in (4) moving about and manipulating objects and (6) health and
13 physical well-being.  Tr.  604-608.
14    Because Plaintiff has not had an impairment or combination of impairments
15 resulting in either "marked" limitations in two domains of functioning or
16 "extreme" limitation in one domain of functioning, the ALJ found Plaintiff's
17 disability ended as of July 7, 2016.  Tr. 609.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ once again erred by:  (1) improperly evaluating the opinions of the medical sources and (2) rejecting Plaintiff's subjective complaints. ECF No. 8 at 5.

## DISCUSSION

### A.    Medical Opinions

Plaintiff contends the ALJ erred by improperly evaluating the opinions of his medical providers and thus failing to find Plaintiff disabled as meeting or equaling

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

the Listings. ECF No. 8 at 8. Defendant responds that the ALJ reasonably evaluated the medical opinions in finding Plaintiff's mental impairments no longer met or equaled the Listings. ECF No. 13 at 8.

        1. *Kristylynne Goveia, LICSW*

Ms. Goveia, Plaintiff's treating counselor provided the following assessment on May 8, 2018:

> [Plaintiff] qualifies for [Severe Emotional Disturbance] due to an impairment in functioning in the family, at school, and with social interactions. [Plaintiff] is experiencing impairment in school work and has failing grades for more than the last 6 months. [Plaintiff] reports she has no friends. [Plaintiff] has unresolved trauma and trauma reminders that need further treatment.

Tr. 437.

The ALJ's June 24, 2020, decision failed to discuss Ms. Goveia's opinions, Tr. 20-33, and the undersigned judicial officer determined in the March 2023 remand order that the ALJ erred by failing to develop the record with respect to Ms. Goveia. *See* 1:21-CV-03028-ACE (ECF No. 26 at 10-11). The undersigned concluded, "the ALJ should have contacted Ms. Goveia to obtain a more fulsome medical source statement, lest potentially significant and probative evidence from the only treating provider be excluded from the record," and directed the ALJ, on remand, to obtain an updated medical source statement from Ms. Goveia. The ALJ subsequently failed to comply with this Court's March 2023 order to develop the record with respect to Ms. Goveia.

An administrative agency is bound on remand to apply the legal principles set out by the reviewing court. *Jackson v. Berryhill*, 2018 WL 1466423 at *2 (W.D. Wash. 2018) (citing *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1213-1214 (C.D. Cal. 2005); *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review)); *see*

*also United Gas Improvement Co. v. Continental Oil Co.*, 381 U.S. 392, 406 (1965) (explaining that the agency must act upon the court's correction on remand). In Social Security cases, when the Appeals Council remands a case to the ALJ, the ALJ must take any action ordered by the Appeals Council and must follow the specific instructions of the reviewing court. 20 C.F.R. §§ 404.977(b); *Samples v. Colvin*, 103 F.Supp.3d 1227, 1231-1232 (D. Or. 2015).

      The ALJ failed to follow this Court's March 2023 order to obtain an updated medical source statement from Ms. Goveia. Although the ALJ mentioned that Plaintiff's attorney had been unable to obtain an updated medical source statement from Ms. Goveia, Tr. 591, the onus to comply with the Court's order is squarely on the ALJ, not Plaintiff's counsel. The ALJ's July 2024 decision does not describe any attempts made by the ALJ to contact Ms. Goveia or explain why those attempts, if any, were unsuccessful. The ALJ thus erred, and a remand shall again be required to further develop the record with respect to Ms. Goveia's opinion.

      2. *Cecilia Cooper, Ph.D.*

      On May 3, 2017, examining psychologist Cecilia Cooper, Ph.D., completed a psychological evaluation of Plaintiff, noting that Plaintiff "wants to go to an alternative school so that she can receive one on one assistance." Tr. 428. Dr. Cooper wrote as follows:

> "[Plaintiff] has problems with depression and anxiety that result in strained relationships at home and **a felt need, on her part, for more one on one assistance** in school to facilitate learning. She appears to respond more favorably to that kind of help than to counseling or medication monitoring. She is seeking a transfer to an alternative school. She would probably be more comfortable in that type of setting because of the accommodations provided."

Tr. 433 (emphasis added).

      The ALJ accorded Dr. Cooper's opinion "little weight" because it failed to specifically articulate Plaintiff's functioning in any of the six domains and was not

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

consistent with Plaintiff's documented improved mood and functioning when compliant with medication and counseling. Tr. 603.

Plaintiff contends "Dr. Cooper found that [Plaintiff] requires one-on-one assistance" and the ALJ failed to evaluate the supportability or consistency of Dr. Cooper's opinion. ECF No. 8 at 16. Plaintiff's argument with respect to Dr. Cooper mischaracterizes Dr. Cooper's statement[2] and misstates the applicable law.[3] ECF No. 8 at 16; ECF No. 14 at 7. In any event, given the ALJ's failure to comply with this Court's prior order to develop the record with respect to Ms. Goveia as discussed above, and given this matter must be remanded to address that egregious error, the Court shall direct the ALJ to reconsider and reevaluate the opinion of Dr. Cooper on remand as well.

### 3. *Nancy Winfrey, Ph.D.*

On June 4, 2020, Nancy Winfrey, Ph.D., testified as a medical expert[4] at the administrative hearing and opined that Plaintiff had marked limitations in

---

[2] Dr. Cooper does not specifically opine that Plaintiff requires one-on-one assistance as alleged by Plaintiff. Rather, it is apparent Dr. Cooper merely recited Plaintiff's self-reported preference for one-on-one assistance in the school setting.

[3] Plaintiff erroneously argues the ALJ erred by failing to evaluate "the supportability or consistency" of Dr. Cooper's opinion. For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. The new regulations direct the ALJ to consider the persuasiveness of each medical opinion, the supportability and consistency of the opinion. However, because Plaintiff filed her application before March 27, 2017, the ALJ was not required to apply the new regulations and assess the supportability or consistency of Dr. Cooper's opinion.

[4] When evaluating claims filed prior to March 27, 2017, the opinions of non-examining doctors are entitled to less weight than doctors who treat or examine a

interaction and adaptation and met Listings 112.04 and 112.15.  Tr. 53-54.  On remand, the ALJ reassessed Dr. Winfrey's opinion as directed by this Court and again accorded it "little weight" finding it was unpersuasive given numerous inconsistencies between her testimony and the record.  Tr. 603.  As this claim is being remanded on other grounds, *see supra*, the Court finds, without discussion, that the ALJ shall be directed to also reevaluate and reweigh this non-examining medical professional's prior hearing testimony and opinion.

**B.     Plaintiff's Subjective Complaints**

Plaintiff contends the ALJ also erred by failing to assess the testimony of Plaintiff's mother, Shannon C.  ECF No. 8 at 19-21.  Defendant responds that the ALJ reasonably found that not all of Plaintiff's symptom allegations were consistent with the evidence.  ECF No. 13 at 4-8.

In childhood disability cases, where the child is unable to adequately describe her symptoms, the Commissioner accepts the testimony of the person most familiar with the child's condition, such as a parent.  *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1134 (9th Cir. 2001).  In the Ninth Circuit, the testimony of third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses.  *See Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").  Although the germane reasons precedent no longer applies to claims filed on or after March 27, 2017, this Court's precedent required ALJs to give "germane" reasons to each witness when

---

claimant.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

discounting nonmedical lay testimony prior to March 27, 2017. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

While the ALJ's reasons for discounting Shannon C.'s testimony may be supported by the evidence of record (although those reasons are not entirely transparent), this matter must be remanded to develop the record with respect to Ms. Goveia and to reassess the opinions of Drs. Cooper and Winfrey. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Shannon C.'s testimony and reassess what statements of Shannon C., if any, are not credible and, if deemed not credible, what specific evidence undermines those statements. If the testimony of Shannon C. is discounted, the ALJ must provide germane reasons.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits or, alternatively, for additional proceedings to resolve the issues identified in the briefing. ECF No. 8 at 21-22. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made and that it is appropriate that the reconsideration of Plaintiff's claim be performed by a different ALJ on remand. *See Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (remanding to different ALJ for fair consideration of evidence despite no indication of ALJ bias); *Ortiz v. Chater*, 1997 WL 50217 at *3 n.1 (E.D. N.Y. 1997) (finding that "rather than have the same ALJ review the claims a third time, a fresh look by another ALJ would be beneficial.").

On remand, a new ALJ shall reconsider Plaintiff's disability claim. The ALJ shall specifically (1) develop the record by obtaining an updated medical source

statement from Ms. Goveia; (2) reevaluate and reweigh the opinions of Drs. Cooper and Winfrey; and (3) reconsider the testimony of Shannon C.  The ALJ shall also take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.  Based on the foregoing, **IT IS HEREBY ORDERED:**

  1. Plaintiff's motion to reverse and remand, **ECF No. 8**, is **GRANTED**.

  2. Defendant's motion to affirm, **ECF No. 13**, is **DENIED**.

  3. The Commissioner's final decision is **REVERSED** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

  4. An application for attorney fees may be filed by separate motion.

  **IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED March 17, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE